IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR 3:04-171-CMC |
| | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Johnny O'Neal Cobb, a/k/a "Tip," | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a motion for Relief from final judgment under Rule 60 of the Federal Rules of Civil Procedure. ECF No. 78 (filed Dec. 5, 2011). Defendant argues that the court erred in several respects in its earlier dismissal of his motion for relief under § 2255.

The difference between a true Rule 60(b) motion and an unauthorized "second or successive" habeas corpus motion was explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005).[1] There, the Supreme Court held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition. *Id*. at 532. That is, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Furthermore, "new legal arguments

---

[1] *Gonzalez v. Crosby* was a case addressing a petition for relief under 28 U.S.C. § 2254. Because § 2254 is nearly identical to § 2255 in substance, the Eleventh, Ninth, Sixth, Seventh, and Tenth Circuits have applied *Gonzalez* to Rule 60(b) motions to reopen § 2255 proceedings. *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011); *United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011); *Curry v. United States*, 507 F.3d 603, 604–05 (7th Cir. 2007); *Nailor v. United States* (*In re Nailor*), 487 F.3d 1018, 1021–23 (6th Cir. 2007); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006).

or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Id*.

Defendant contends that this court erred in its conclusion that he had a sufficient number of qualifying convictions to be found an Armed Career Criminal based upon Fourth Circuit case law decided subsequent to the dismissal of his § 2255 motion. *See generally* Mot. at 6-11 (ECF No. 78, filed Dec. 5, 2011).

Defendant's motion presents new legal arguments and is, in reality, a successive motion for relief under 28 U.S.C. § 2255, as it directly attacks the merits of this court's determination of his § 2255 motion. Defendant's failure to seek permission to file a second or successive § 2255 motion in the appropriate court of appeals prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

Therefore, this motion is dismissed as this court is without jurisdiction to entertain it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 15, 2011